IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 5:07-0772 |
| vs. ) | |
| ) | |
| Stacy Shannon, ) | **NOTICE** |
| ) | |
| Defendant. ) | |
| _____ ) | |

The government has filed a motion to reduce your sentence for substantial assistance pursuant to Fed R. Crim. P. 35(b), a copy of which is attached.

The purpose of this Notice is to advise you that the court will take into consideration any relevant information or objection that you would like to submit in response to the government's Rule 35 motion. If you would like to submit such relevant information or objection for the court to consider, please submit the same to the Clerk, United States District Court, 901 Richland Street, Columbia, South Carolina 29201, no later than **December 30, 2011.** Please clearly print your name and criminal case number on any material you submit to the court. If you do not send a response, the court will assume that you do not object to the government's proposed downward departure and resulting guideline range.

You are advised that you do not have a right to a hearing regarding the government's Rule 35 motion. See Fed. R. Crim. P. 43(b)(4). Additionally, you do not have a Sixth Amendment or statutory right to have an attorney represent you or have counsel appointed for a Rule 35 motion. See 18 U.S.C. § 3006A. You are further advised that it is fully within the court's discretion whether to grant the government's Rule 35 motion. If the court grants the motion, it is within the court's discretion to determine how much of a reduction should be given.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
December 9, 2011

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 5:07-772 (MBS) |
| | ) | |
| v. | ) | |
| | ) | |
| STACY SHANNON | ) | |

**MOTION FOR REDUCTION OF SENTENCE PURSUANT TO RULE 35(b)**

Stacy Shannon was sentenced on August 4, 2008, to two hundred and sixty two (262) months after pleading guilty to possession with intent to distribute and distribution of 50 grams or more of cocaine base in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Shannon plead guilty pursuant to a written plea agreement which contained standard cooperation language as well as standard 5K1.1 or Rule 35 language. Shannon received a 5K1.1 motion at the time of his original sentencing based solely on the historical information he had provided against an Atlanta drug dealer named Spigner, historical information on Maurice Randolph and historical information on Michael Darby. Spigner and Randolph plead guilty prior to Shannon's sentencing on August 4, 2008. Darby went to trial after Shannon's sentencing date.

Shannon was originally facing a statutory mandatory life sentence due to his two prior felony drug convictions, however the Court granted the Government's motion for sentence reduction pursuant to 5K1.1 and Title 18, U.S.C. § 3553(e) and sentenced

Shannon to the above referenced two hundred and sixty two (262) months sentence[1].

During the week of December 15, 2008, Shannon testified against Michael Darby during a jury trial. Shannon testified that he supplied Darby with well over 150 kilograms of cocaine during the course of the conspiracy. Darby was convicted of a violation of Title 21, U.S.C. § 846 for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine based almost solely on the testimony of Stacy Shannon. Thereafter, the Government used Darby's trial testimony to support Darby's presentence investigation report which held him accountable for the maximum amount of cocaine (150 kilograms or more) based exclusively on the testimony of Shannon. This resulted in Darby receiving a two hundred and ninety two (292) month sentence on January 10, 2010.

Recently on November 29, 2011, the Fourth Circuit Court of Appeals affirmed Darby's conviction in an unpublished opinion at 2011 W.L. 5925316. On appeal, Darby raised the issue of sufficiency of the evidence in challenging his conviction for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. The Fourth Circuit rejected this argument based in part on the testimony of Shannon that he sold a total of 200 kilograms of cocaine to Darby, who agreed to pay Shannon for the cocaine after he sold it. *Id.*

---

[1] This range was based on a Criminal History Category II, a Total Offense Level of 41 (the lowest offense level in CHC II with a range of 360-life), and a reduction of 3 Offense Levels from level 41 to the recommended sentencing range of 262-327 months at an Offense Level 38.

-2-

Shannon also provided information to law enforcement concerning gun charges that were filed against Darby in February of 2010. Darby was charged on February 17, 2010, with conspiracy to traffic firearms illegally without a license and committing a crime while under indictment and on release pursuant to an order setting conditions of release in violation of Title 18, U.S.C. §§922(n), 924(a)(1)(D) and 3147(1). Shannon was a potential witness against Darby in this case, however after learning that Shannon and others were prepared to testify against him, Darby plead guilty pursuant to a written plea agreement. On June 22, 2011, Darby received a sentence of sixty (60) months, of which twelve (12) months are to run consecutive to the two hundred and ninety two (292) month sentence Darby received on January 10, 2010. Darby will now serve a total sentence of approximately three hundred and four (304) months.

According to the Bureau of Prison's web site, Shannon's projected release date is June 11, 2026.

WHEREFORE, the Government moves that this Honorable Court grant the Motion for a Reduction in Sentence. The Government requests that this Court reduce Darby's sentence and resentence him to a total sentence of one hundred and eighty (180) months[2]. This represents a reduction of sentence of approximately 30 percent of his original sentence. The Government submits that this reduction would be in exchange for the substantial assistance he has provided after he received his 5K1.1 reduction.

---

[2] This represents a four (4) level departure from Total Offense Level 38 (262-327 months) to Offense Level 34 (168-210 months).

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

By: s/ J.D. Rowell
    J.D. Rowell  (#9802)
    Assistant United States Attorney

December 9, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:07-772 |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| STACY SHANNON | ) | |

CERTIFICATE OF SERVICE

I hereby certify that I am an employee in the Office of the United States Attorney for the District of South Carolina, and on December 9, 2011, I served one true and correct copy of the **GOVERNMENT'S MOTION FOR RULE 35 SENTENCE REDUCTION** in the above-captioned case, via the court's e-noticing system, but if that means failed, then by regular mail, on the following person(s):

Stacy Shannon
Register No. 15434-171
FCI Petersburg Low
Post Office Box 1000
Petersburg, VA 23804

_s/ J.D. Rowell_____
J.D. Rowell
Assistant United States Attorney

-5-